Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
monica.ryden@jacksonlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>           Plaintiff,<br><br>    v.<br><br>W2005 New Century Hotel Portfolio, L.P. dba Hampton Inn By Hilton Phoenix / Chandler; Hilton Worldwide Holdings Inc.,<br><br>           Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and LRCiv 3.6, Defendants W2005 New Century Hotel Portfolio, L.P. dba Hampton Inn By Hilton Phoenix/Chandler ("W2005") and Hilton Worldwide Holdings Inc. ("Hilton") (collectively "Defendants") file this Notice of Removal for the following reasons:

1. A civil action has been commenced and is now pending in the Superior Court of the State of Arizona in and for the County of Maricopa, Case No. CV2020-055501, with the above caption.

2. Pursuant to Local Rule 3.6, the following documents are attached as **Exhibits A - G** and constitute a complete copy of the file in the Arizona Superior Court:

    a.  Court Docket (Exhibit A)

1

  b. Summons as to each defendant (Exhibit B);

  c. Complaint (Exhibit C);

  d. Certificate of Compulsory Arbitration (Exhibit D);

  e. Civil Cover Sheet (Exhibit E);

  f. Affidavit of Service of Process as to W2005 New Century Hotel Portfolio LP (Exhibit F)

  g. Affidavit of Service of Process as to Hilton Worldwide Holding Inc. (Exhibit G).

  3. Pursuant to LRCiv 3.6, the undersigned counsel for Defendants verify that, to the best of her knowledge and belief, the documents attached as **Exhibits A – G** to this Notice of Removal are true and complete copies of all pleadings and other documents filed in the state court proceeding.

  4. Defendant W2005 received service of a copy of the Summons, Complaint containing a Jury Demand, and Certificate of Compulsory Arbitration on October 28, 2020.

  5. Defendant Hilton received a copy of the Summons and Complaint on October 30, 2020.  However, it has not been properly served with process.

  6. This Notice is being filed within thirty (30) days of Defendants' receipt of service of the Summons and Complaint.  Thus, this notice is timely filed under 28 U.S.C. § 1446(b).

  7. Contemporaneously with this filing, Defendants are also filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of Arizona, in the County of Maricopa.  Defendants have on this date given written notice of this filing to the Plaintiff pursuant to 28 U.S.C. § 1446 and Local Rule 3.6, attached as **Exhibit H**.

  8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable to this Court pursuant to the provisions of 28

U.S.C. §§ 1441(a) – (c) based on federal question jurisdiction. Federal question jurisdiction exists because Plaintiff alleges violations of federal law. Specifically, the first cause of action asserted in Plaintiff's Complaint alleges violations of The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). Accordingly, this case is a civil action arising under the laws of the United States that is subject to removal.

9. Under 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's sate law claims. Specifically, the second through eighth cause of action asserted in Plaintiff's Complaint arise under state law. These seven causes of action are so related to the asserted cause of action arising under federal law, that they form part of the same case or controversy:

   a. Plaintiff bases his second cause of action (negligence and negligence per se) on the alleged failure to remove ADA accessibility barriers.

   b. Plaintiff bases his third cause of action (negligent misrepresentation) on the alleged failure to exercise reasonable care of competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website.

   c. Plaintiff bases his fourth cause of action (failure to disclose) on the alleged partial disclosures of ADA compliance.

   d. Plaintiff bases his fifth cause of action (common law fraud and statutory fraud) on the alleged representations regarding ADA compliance.

   e. Plaintiff bases his sixth cause of action (consumer fraud-brand deceit) on the alleged attempt to avoid ADA liability by use of a hotel brand name.

   f. Plaintiff bases his seventh cause of action (civil conspiracy to commit fraud) on the same alleged use of a hotel brand name.

      g. Plaintiff bases his eighth cause of action (aiding and abetting) on the same alleged use of a hotel brand name.

10. Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was filed in this district and this is the judicial district in which the alleged events giving rise to the claims occurred.

For the foregoing reasons, Defendants W2005 New Century Hotel Portfolio, L.P. and Hilton Worldwide Holdings Inc. remove this case from the Superior Court of the State of Arizona to the United States District Court, District of Arizona.

Dated: November 25, 2020.

                                JACKSON LEWIS P.C.

                                By: */s/ Monica M. Ryden*
                                     Monica M. Ryden
                                     Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and by electronic mail if not registered:

Peter Strojnik
7847 N. Central Avenue.
Phoenix, AZ  85020
ps@strojnik.com


By: */s/ Susan Johnson*

4830-6991-3809, v. 1