**EXHIBIT A**

11/11/2020


Select Language ⌄

Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-055501 | Judge: | Campagnolo, Theodore |
| File Date: | 10/19/2020 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Peter Strojnik | Plaintiff | None | Pro Per |
| W2005 New Century Hotel Portfolio L P | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/29/2020 | AFS - Affidavit Of Service | 11/3/2020 | |
| NOTE: W2005 NEW CENTURY HOTEL PORTFOLIO LP | | | |
| 10/29/2020 | AFS - Affidavit Of Service | 11/3/2020 | |
| NOTE: HILTON WORLDWIDE HOLDING INC | | | |
| 10/19/2020 | COM - Complaint | 10/19/2020 | Plaintiff(1) |
| NOTE: Complaint | | | |
| 10/19/2020 | CSH - Coversheet | 10/19/2020 | Plaintiff(1) |
| NOTE: Civil Cover Sheet | | | |
| 10/19/2020 | CCN - Cert Arbitration - Not Subject | 10/19/2020 | Plaintiff(1) |
| NOTE: Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 10/19/2020 | SUM - Summons | 10/19/2020 | Plaintiff(1) |
| NOTE: Summons | | | |
| 10/19/2020 | SUM - Summons | 10/19/2020 | Plaintiff(1) |
| NOTE: Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**EXHIBIT B**

CORRECTED. Clerk of
Court Clerical Error

Clerk of the Superior Court
*** Electronically Filed ***
C. Hannah, Deputy
10/19/2020 10:03:13 AM
Filing ID 12120233

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N Central Avenue
City, State, Zip Code: PHOENIX, AZ 85020
Phone Number: (602)524-6602
E-Mail Address: ps@strojnik.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 000000, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Peter STROJNIK
Plaintiff(s),

v.

W2005 New Century Hotel Portfolio,
L.P., DBA Hampton Inn By Hilton
Phoenix / Chandler, et al.
Defendant(s).

CV2020-055501

Case No.   CV-2020055501

**SUMMONS**

To: W2005 New Century Hotel Portfolio, L.P., DBA Hampton Inn By Hilton
Phoenix / Chandler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 19, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *CONNIE HANNAH*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Corrected: Clerk of
Court Clerical Error

Clerk of the Superior Court
*** Electronically Filed ***
C. Hannah, Deputy
10/19/2020 10:03:13 AM
Filing ID 12120234

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N Central Avenue
City, State, Zip Code: PHOENIX, AZ 85020
Phone Number: (602)524-6602
E-Mail Address: ps@strojnik.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 000000, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Peter STROJNIK
Plaintiff(s),

v.

W2005 New Century Hotel Portfolio,
L.P., DBA Hampton Inn By Hilton
Phoenix / Chandler, et al.
Defendant(s).

Case No.   ~~CV-2020055501~~   CV2020-055501

**SUMMONS**

To: Hilton Wordwide Holdings, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 19, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *CONNIE HANNAH*
Deputy Clerk

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6068857

**EXHIBIT C**

Clerk of the Superior Court
*** Electronically Filed ***
C. Hannah, Deputy
10/19/2020 10:03:13 AM
Filing ID 12120230

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Peter Strojnik, | Case No: CV-2020055501 |
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Americans with Disabilities Act** |
| W2005 New Century Hotel Portfolio, L.P. dba Hampton Inn By Hilton Phoenix / Chandler; Hilton Wordwide Holdings, Inc. | 2. **Negligence** |
| | 3. **Negligent Misrepresentation** |
| Defendants. | 4. **Failure to Disclose** |
| | 5. **Common Law Fraud / Consumer Fraud** |
| | 6. **Consumer Fraud – Brand Deceit** |
| | 7. **Civil Conspiracy to Commit Fraud** |
| | 8. **Aiding and Abetting** |
| | **JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "Hampton Inn by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant W2005 New Century Hotel Portfolio, L.P. dba Hampton Inn By Hilton Phoenix / Chandler ("W2005"); and

   b. Violations of common law and statutory consumer protection laws against W2005; and

   c. Brand deceit for deceptive self-identification against W2005; and

   d. Civil Conspiracy against W2005 and Hilton Wordwide Holdings, Inc.("Hilton"); and

   e. Civil Aiding and Abetting against Hilton related to (i) W2005's use of Hilton's website platform to provide incorrect and deceptive accessibility information and (2) for assisting W2005 in its deceptive self-identification.

## PARTIES

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant W2005 owns, operates leases or leases to a lodging business located at 7333 W. Detroit Street, Chandler, AZ 85226 ("Hotel").

11. Defendant Hilton is an international lodging and franchising chain and the direct or indirect owner of the brand "Hampton Inn by Hilton".

## JURISDICTION AND VENUE

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel  based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working,



climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

### RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |

| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
|---|---|---|---|---|---|
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

# PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

   1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

   2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

   e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

   f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii) Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv) Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

---

### 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES
https://www.hilton.com/en/hotels/phxcnhx-hampton-phoenix-chandler/?SEO_id=GMB-HP-PHXCNHX

**Available accessible features include:**

- Accessible business center
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Closed captioning on televisions or closed captioning decoders
- Service animals welcome
- TTY for guest use
- Van-accessible parking in the self-parking facility

**The following features aren't available:**

- Accessible exercise facility

---

- Accessible route from the hotel's accessible public entrance to the spa
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool
- Valet only parking

**Table 2**

31. The information disclosed on Hotel's Booking Website include the following misrepresentations of fact:

   a. That the Hotel has accessible self-parking. This representation is false as evidenced in Table 3 below.

   b. That the registration desk is accessible. This representation is false as evidenced in Table 3 below.

   c. That the pool pathway is accessible. This representation is false as evidenced in Table 3 below.

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

33. **PERSONAL BARRIER ECOUNTERS**



Identification

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly marked passenger loading zone



Accessible parking visually too steep in front

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible parking visually too steep in back.

Lobby bathroom closing time less than 3s

13



Lobby bathroom hardware non-compliant (twisting of the wrist action required)

Inaccessible check in counter.

Inaccessible treats.

| |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 13, 2020. |
| **Table 3** |

**COUNT ONE**
Americans with Disabilities Act

34. Plaintiff realleges all allegations heretofore made.

35. Defendant W2005 violated the ADA as documented above.

36. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

15

37. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

38. The removal of barriers is readily achievable.

39. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

**COUNT TWO**
Negligence and Negligence Per Se

40. Plaintiff realleges all allegations heretofore set forth.

41. Defendant has been subject to previous ADA action in the United States District Court for the District of Arizona in a matter captioned *Gastelum v. W2005 New Century Hotel Portfolio L.P.* (D.C. Ariz. 2:17-cv-02786-SPL, but has not remediated readily achievable architectural remediation to date.

42. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

43. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

44. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

45. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

46. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

47. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

48. Defendant breached this duty.

49. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

50. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

51. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

52. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $235,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT THREE
#### Negligent Misrepresentation

53. Plaintiff realleges all allegations heretofore set forth.

54. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

55. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

56. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

57. Plaintiff justifiably relied on Defendant's false representation.

58. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

59. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

60. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Failure to Disclose

61. Plaintiff realleges all allegations heretofore set forth.

62. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

63. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

64. The compliance with the ADA is a fact basic to the transaction.

65. Defendant failed to make the necessary disclosures.

66. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

67. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $235,000.00.

68. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

69. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Common Law and Statutory Fraud

70. Plaintiff realleges all allegations heretofore set forth.

71. Defendant made representation(s) as alleged in Table 2 above.

19

72. The representation(s) were material.

73. The representation(s) were false.

74. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

75. Defendant intended that Plaintiff rely on the false representation(s).

76. Plaintiff reasonably relied on the misrepresentation(s).

77. Plaintiff has a right to rely on the misrepresentation(s).

78. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

79. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

80. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

81. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

82. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

83. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

      A. For finding of that Defendant failed to disclose information; and

      B. For damages in the amount requested; and

      C. For punitive damages in the amount requested; and

      D. For such other and further relief as the Court may deem just and proper.

**COUNT SIX**
Consumer Fraud – Brand Deceit

84. Plaintiff realleges all allegations made above.

85. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

86. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant W2005 identifies itself as Hampton Inn by Hilton at the entrance to the Hotel:



87. W2005 is not Hampton Inn by Hilton. It is W2005. The misidentification is necessary because general public, including Plaintiff, identify Hilton properties with a higher degree of lodging standard and general integrity than W2005.

88. Another way Defendant misidentifies itself is thorough its booking website:

89. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



90. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel  room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on W2005's false self-identification to his damage.

91. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

92. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

93. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

# COUNT SEVEN
## Civil Conspiracy

94. Plaintiff realleges all allegations heretofore set forth.

95. Hilton is the owner, directly or indirectly, of the "Hampton Inn by Hilton" brand name.

96. Hilton and W2005 knew, at all times relevant hereto, that the Hilton brand has positive reputation, while W2005 has no reputation.

97. Public's perception of W2005 is wholly derivative of the reputation of Hilton.

98. Hilton and W2005 also knew, at all relevant times, that W2005 would sell more rooms if it sold the rooms under the name Hilton and not W2005.

99. W2005 paid Hilton for the use of its brand name Hampton Inn by Hilton.

100. Hilton and W2005 structured their relationship so that Plaintiff and the public would believe that Hilton operates the Hotel, while at the same time they knew that Hilton was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

101. Hilton further provided W2005 with a booking platform on Hilton's website and agreed, expressly or implicitly, that W2005 misrepresent its accessibility features thereon.

102. Hilton and W2005 also knew that the use of Hilton's brand name and the misrepresentations on the Hilton's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

103. It was for these reasons that Hilton and W2005 agreed that the Hotel would market its rooms under the name of Hilton.

104. The agreement between Defendants assured that Hilton would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability W2005 would reap the benefits of greater sales caused by Defendants' brand deceit.

105. Defendants agreed to falsely market the Hotel as a "Hampton Inn by Hilton" in order to misled the public, including Plaintiff.

106.   Plaintiff believed he was dealing with Hilton when in fact he was dealing with an unknown entity.

107.   Defendants Hilton and W2005 agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

108.   Defendants Hilton and W2005 agreed to accomplish an unlawful purpose, the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

109.   Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

110.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

111.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendants committed a civil conspiracy; and

    B. For damage as prayed for above; and

    C. For damages in the amount requested; and

    D. For punitive damages in the amount requested; and

    E. For such other and further relief as the Court may deem just and proper.

## COUNT EIGHT
### Civil Aiding and Abetting

112.   Plaintiff realleges all allegations heretofore made.

113.   Defendant Hilton aided and abetted Defendant W2005 brand deceit by:

    a. Providing the Hilton signage on the physical Hotel building; and

b. Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

c. Issuing reservation confirmations in the name of Hilton in order to conceal the true ownership and operations; and

d. Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

e. Providing a website platform upon which Defendant W2005 advertised its rooms with false and misleading accessibility disclosures.

114.   Hilton aided and abetted W2005 in providing W2005 with a website platform in which W2005 committed misrepresentations relating to accessibility.

115.   Plaintiff suffered an injury resulting from Hilton's aiding and abetting brand deceit in an amount of no less than $35,000.00.

116.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

117.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Hilton committed civil aiding and abetting; and

B. For damage as prayed for above; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper.

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

118.   With respect to all counts, Plaintiff alleges that Defendant has been subject to a previous ADA action but has not remediated wither its booking website or the architectural conditions of its Hotel. Plaintiff further alleges that:

    a.   Defendants' conduct was and continues to be reprehensible; and

    b.   Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

    c.   Defendants segregated of Plaintiff from the rest of the traveling public; and

    d.    The duration of Defendants' the misconduct is over 30 years and

    e.   Defendants' were fully aware of their own illicit maintenance of the Hotel; and

    f.   Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

119.   These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 19th day of October, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

**EXHIBIT D**

Corrected: Clerk of
Court Clerical Error

Clerk of the Superior Court
*** Electronically Filed ***
C. Hannah, Deputy
10/19/2020 10:03:13 AM
Filing ID 12120232

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N Central Avenue
City, State, Zip Code: PHOENIX, AZ 85020
Phone Number: (602)524-6602
E-Mail Address: ps@strojnik.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 000000, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Peter STROJNIK
Plaintiff(s),
v.
W2005 New Century Hotel Portfolio,
L.P., DBA Hampton Inn By Hilton
Phoenix / Chandler, et al.
Defendant(s).

Case No.      CV2020-055501
              ~~CV-2020055501~~

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Peter Strojnik /s/
    Plaintiff/Attorney for Plaintiff

**EXHIBIT E**

Clerk of the Superior Court
*** Electronically Filed ***
C. Hannah, Deputy
10/19/2020 10:03:13 AM
Filing ID 12120231

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorney:**
Peter Strojnik
Bar Number: 000000, issuing State: AZ
Law Firm: Peter Strojnik
7847 N Central Avenue
PHOENIX, AZ 85020
Telephone Number: (602)524-6602
Email address: ps@strojnik.com

CV-2020055501

**Plaintiff:**
Peter STROJNIK
7847 N Central Avenue
PHOENIX, AZ 85020
Telephone Number: (602)524-6602
Email address: ps@strojnik.com

**Defendants:**
W2005 New Century Hotel Portfolio, L.P., DBA Hampton Inn By Hilton Phoenix /
Chandler

Hilton Wordwide Holdings, Inc.

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: other

AZturboCourt.gov Form Set #5068087

**EXHIBIT F**

CLERK OF THE
SUPERIOR COURT
FILED
S. SZAKACS. DEP

20 OCT 29  PM 3:41

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602

 ORIGINAL

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

PETER STROJNIK,

                     Plaintiff,

vs.

W2005 NEW CENTURY HOTEL PORTFOLIO,
L.P., et al,

                     Defendant.

Case Number: CV2020-055501

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **W2005 NEW CENTURY HOTEL PORTFOLIO, L.P.,**.

I, Russell D. Hoffman, do hereby affirm that on the **28th day of October, 2020** at **1:32 pm, I:**

served **W2005 NEW CENTURY HOTEL PORTFOLIO, L.P.,** by delivering a true copy of the **Summons; Complaint; Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to: **CORPORATION SERVICE COMPANY Shanda Kelly (Agent) (Statutory Agent)** at the address of: **8825 N. 23rd Ave. Suite 100, Phoenix, AZ 85021,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 44, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: -, Hair: Brown, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

Russell D. Hoffman
Process Server MC-7466

**Rush Hour Legal Service**
P.O. Box 30997
Mesa, AZ 85275
(480) 797-9483

Our Job Serial Number: RUL-2020002068
Service Fee: $75.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



**EXHIBIT G**

CLERK OF THE
SUPERIOR COURT
FILED
S. SZAKACS, DEP

20 OCT 29  PM 3:50

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602

 **ORIGINAL**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

PETER STROJNIK,                                              Case Number: CV2020-055501

                         Plaintiff,

                                                             **DECLARATION OF SERVICE BY A
vs.                                                          PRIVATE PROCESS SERVER**

**W2005 NEW CENTURY HOTEL PORTFOLIO,
L.P., et al,**

                         Defendant.

Received by Rush Hour Legal Service to be served on **HILTON WORLDWIDE HOLDINGS, INC.,**.

I, Russell D. Hoffman, do hereby affirm that on the **28th day of October, 2020 at 1:32 pm, I:**

served **HILTON WORLDWIDE HOLDINGS, INC.,** by delivering a true copy of the **Summons; Complaint;
Certificate of Compulsory Arbitration** with the date and hour of service endorsed thereon by me, to:
**CORPORATION SERVICE COMPANY Shanda Kelly (Agent) (Statutory Agent)** at the address of: **8825
N. 23rd Ave. Suite 100, Phoenix, AZ 85021**, and informed said person of the contents therein, in
compliance with state statutes.

**Description** of Person Served: Age: 44, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: -, Hair:
Brown, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so
appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true
and correct and was executed on the above date.

**Russell D. Hoffman**
Process Server MC-7486

**Rush Hour Legal Service**
P.O. Box 30997
**Mesa, AZ 85275**
(480) 797-9483

Our Job Serial Number: RUL-2020002075
Service Fee: $75.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

