Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
monica.ryden@jacksonlewis.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>           Plaintiff,<br><br>    v.<br><br>W2005 New Century Hotel Portfolio, L.P. dba Hampton Inn By Hilton Phoenix / Chandler; Hilton Worldwide Holdings, Inc.,<br><br>           Defendants. | Case No.: 2:20-cv-02289-SMB<br><br>**DEFENDANT HILTON WORLDWIDE HOLDINGS, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant Hilton Worldwide Holdings, Inc. ("Hilton" or "Defendant") moves to dismiss Plaintiff Peter Strojnik's Complaint for failure to state a claim. Strojnik's Complaint includes two causes of action against Hilton: (1) civil conspiracy to commit fraud, and (2) civil aiding and abetting. The allegations in the Complaint are insufficient as a matter of law to establish that Hilton engaged in any conduct that would give rise to liability and may be promptly dismissed.

Alternatively, Hilton moves to dismiss Strojnik's Complaint on the basis that it is barred by settlement agreement.

## I.   PRELIMINARY STATEMENT

Earlier this week, the Arizona District Court, standing on its own motion, dismissed Strojnik's ADA Complaints in three related matters for lack of Article III standing, dismissing Strojnik's claims with prejudice and without leave to amend. *Strojnik v. Driftwood Hospitality Management, LLC ("Driftwood")*, No. CV-20-01532-PHX-DJH, 2021 U.S. Dist. LEXIS 1720 (D. Ariz. Jan. 6, 2021). The Court further declared Strojnik a vexatious litigant for his wrongful behavior, finding Strojnik's litigation tactics frivolous and harassing and enjoining further abuse. *Id.*

Strojnik's Complaint and behavior here is more of the same. Strojnik's claims do not demonstrate standing or otherwise meet federal pleading requirements, and his exaggerated claims of injury are intended only to coerce settlement. *Driftwood*, No. CV-20-01532-PHX-DJH, 2021 U.S. Dist. LEXIS 1720, at *27 (finding that Strojnik "habitually over-exaggerates his injuries" and "has no financial incentive to bring a genuine complaint or to try his cases on their merits.") Hilton requests that the Court dismiss Strojnik's claims with prejudice and without leave to amend. Hilton also requests its attorney fees in having to defend this lawsuit.

## II.   BACKGROUND

Before Strojnik was an ADA litigant, he was a serial ADA litigator known for his "extortionate" and "pervasive" lawsuits. *Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank* ("MidFirst"), 279 F. Supp. 3d. 891, 893 (D. Ariz. 2017). Now, *pro se* Plaintiff Strojnik brings these actions as an ADA Tester and a consumer of hotel lodging services. (Doc. 1-3). According to his Complaint, his disabilities, his infirmities, and the resulting impairments to his major life activities are legion. (*Id.* at 12-14). He claims that architectural features that do not comply with certain ADA standards for Accessibility and Design cause him to experience "pain and discomfort." (*Id.* at 15-18).

In August of 2020, Strojnik investigated the Hampton Inn by Hilton. (*Id.* at 11, 19-23). First, Strojnik inspected the hotel's website for information on their ADA accommodations. (*Id.* at 18-19). Then he visited the hotel where he discovered and

1 photographed many alleged barriers denying him "full and equal" access to the premises
2 such that he now alleges he is "deterred" from booking a room at the hotel. (*Id.*)

3       Strojnik alleges that hotels, motels and other places of lodging have developed a
4 system of deceptive self-identification through the use of purchased brand names such as
5 "Holiday Inn" and "Hampton Inn by Hilton" to mislead the public into believing they
6 are booking a hotel room at a national branch name property when they are in fact
7 booking a room with an unknown owner and an unknown operator. (*Id.* ¶ 4). Strojnik
8 alleges that "Hilton and W2005 agreed that the Hotel would market its rooms under the
9 name of Hilton" to "mislead the public, including Plaintiff." (*Id.* ¶¶ 103, 105).

10       Strojnik further alleges that Hilton aided and abetted Defendant W2005's brand
11 deceit by: (a) "[p]roviding the Hilton signage on the physical Hotel building"; (b)
12 "[m]aintaining a booking website that does not disclose the true ownership and operator
13 of the Hotel"; (c) "[i]ssuing reservation confirmations in the name of Hilton in order to
14 conceal the true ownership and operations"; (d) "[o]therwise assuring that the true name
15 of the owner of the Hotel appears nowhere on its disclosures, websites, booking
16 websites, telephonic identification, physical signage or anywhere else"; and (e)
17 "[p]roviding a website platform upon which Defendant W2005 advertised its rooms with
18 false and misleading information." (*Id.* ¶¶ 113 (a) – (e), 114).

19       As set forth below and in the attached Declaration of Jennifer Guy, on July 10,
20 2019, Strojnik entered into a Confidential Settlement and Release Agreement
21 ("Agreement") in which he agreed not to file any lawsuit against Hilton Worldwide
22 Holdings, Inc. relating to the accessibility information about any Hilton System
23 Property.

24 **III.**    **LEGAL STANDARD**

25      Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a
26 complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P.
27 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
28 cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal

theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it may do so without leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. LEGAL ARGUMENT

**A. Plaintiff's Complaint Fails to State a Claim Against Hilton for Civil Conspiracy.**

"For a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 38 P.3d 12, 36 (Ariz. 2002) (quoting *Baker v. Stewart Title & Trust of Phoenix*, 197 Ariz. 535, 5 P.3d 249, 256 (Ariz. Ct. App. 2000)). The individuals must "agree and thereupon accomplish" an underlying tort. *Id.* "A claim

4

for civil conspiracy must include an actual agreement, proven by clear and convincing evidence . . . ." *Id.* at 37.

Strojnik claims that "Hilton and W2005 agreed that the Hotel would market its rooms under the name of Hilton" to "mislead the public, including Plaintiff." (Doc. 1-3 ¶¶ 103, 105). However, Strojnik does not state the tort that was previously agreed upon. He simply states that there was an agreement to accomplish an unlawful purpose "the sale of rooms under deceptive brand" and "the sale of rooms to the disabled travelers with false accessibility information." (*Id.* ¶¶ 108, 109). There are seven other claims in Strojnik's Complaint, six of which are considered torts: three claims of negligence or failure to disclose, two claims of fraud, and one claim of aiding and abetting. Strojnik must present clear and convincing evidence that there was an agreement to accomplish a specific tort, and without stating the underlying tort, Strojnik's conclusory allegation that Hilton and W2005 agreed that the Hotel would market its rooms under the name of Hilton is insufficient to state a claim for civil conspiracy.

The Supreme Court of Arizona explained that "[t]here is a qualitative difference between proving an agreement to participate in a tort, i.e., a civil conspiracy, and proving knowing action that substantially aids another to commit a tort." *Wells Fargo*, 38 P.3d at 37 (quoting *Halberstam v. Welch*, 705 F.2d 472, 478 (D.C. Cir 1983)). The Supreme Court held that it was "unreasonable to infer a conspiratorial agreement . . . [e]ven though legitimate questions exist on the . . . claims of aiding and abetting, . . . [and] intentional interference." *Id.* (quoting *Aetna Cas. & Sur. Co. v. Leahey Constr. Co., Inc.*, 219 F.3d 519, 537 (6th Cir. 2000)).

There must be clear and convincing evidence of an agreement to carry out, and the actual completion, of a specific underlying tort. Using evidence that may otherwise support other claims is insufficient. Accordingly, this claim against Hilton should be dismissed.

5

**B. Plaintiff's Complaint Fails to State a Claim Against Hilton for Aiding and Abetting W2005's "Brand Deceit."**

Strojnik claims that Hilton aided and abetted W2005's "brand deceit" or fraudulent misrepresentation introduces the heightened pleading standard of Rule 9(b). Rule 9(b) requires that "allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). The 9th Circuit has held:

> In order for a complaint to allege fraud with the requisite particularity, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (emphasis added) (quoting *In re GlenFed*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

"Arizona recognizes aiding and abetting as embodied in Restatement § 876(b), that a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person." *See Wells Fargo*, 38 P.3d at 23. The three elements that are required for a claim of aiding and abetting tortious conduct: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Id.* Strojnik alleges that W2005 fraudulently misrepresented itself as a "Hampton Inn by Hilton." (Doc. 1-3 ¶¶ 86, 88, 89). Therefore, the first element that Strojnik must plead is that W2005 committed fraud.

In order to prevail on a fraud claim under Arizona law, a claimant must show:
> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the representation's falsity or

6

> ignorance of its truth; 5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the right to rely on it; and 9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 132 Ariz. 498, 647 P.2d 629, 631 (Ariz. 1982).

Strojnik asserts that "W2005 identifies itself as Hampton Inn by Hilton at the entrance to the Hotel", on its booking website, and on the business card of the Hotel's General Manager. (Doc. 1-3 ¶¶ 86, 88, 89). This claim fails to identify any misrepresentation or consequent damages.

Strojnik does not state why any of these statements are false. He alleges that these are "false misrepresentations." (*Id.* ¶ 91). However, simply asserting that a statement was false, and offering no other evidence, other than the fact that the Hotel is branded a "Hampton Inn by Hilton", does not meet the burden to set forth what is false or misleading about the statement. *Yourish*, 191 F.3d at 993. Because the rest of the elements for fraud under Arizona law appear to build on the existence of a false representation, and Strojnik has not pled sufficiently particular facts for that element, the Court does not need to address whether Strojnik has met his burden with respect to the remaining elements. Therefore, the Court may grant Defendant's Motion to Dismiss.

**C. Plaintiff's Claims Against Hilton Are Barred by Settlement Agreement.**

Strojnik's claims against Hilton are barred by a prior settlement agreement, which included a covenant not to sue. In Section V.B of the Agreement, Strojnik agreed he would not "file or assert any Reservations Related Claims against Releasees, *relating to the accessibility information about any Hilton System Property* (collectively, 'Reservations Related Released Claims')" (Guy Decl. Exhibit A, Confidential Settlement and Release Agreement ("Agreement") ¶ V.B) (emphasis added). "Releasees" include "all Hilton Related Entities." (Agreement ¶ V.A). "Hilton Related Entities" includes "*Hilton Worldwide Holdings, Inc.*" (*Id.* ¶ I.B) (emphasis added).

"Reservations Related Claims" means "any claim, charge, complaint, *lawsuit*, or other legal proceeding *alleging a violation of the ADA's reservations regulations at 28*

7

*C.F.R. § 36.302(e).*" (*Id.* ¶ I.B (emphasis added). Here, Strojnik has brought a lawsuit alleging violations of the 28 C.F.R. § 36.302(e), specifically 28 C.F.R. § 36.302(e)(1)(ii). (Doc. 1-3 ¶¶ 3, 8, 28, and 62). 28 C.F.R. § 36.302(e)(1)(ii) provides that "[a] public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party … [i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." Strojnik's allegations concern his review of Defendant's booking website, specifically Hilton's reservations website accessed from www.hilton.com. (Doc. 1-3 ¶¶ 29, 30).

"Hilton System Property" means "a lodging facility operated under a brand owned directly or indirectly by Hilton or Hilton Worldwide Holdings, Inc., or any lodging facility appearing on the Hilton Website." (Agreement ¶ I.A). The property subject to this litigation, the Hampton Inn at 7333 W. Detroit Street, Chandler, AZ 85226, is a Hilton System Property. (Guy Decl. ¶ 7).

The "Hilton Website" means "the Hilton System Property webpages on www.hilton.com and Hilton's reservations website accessed from www.hilton.com, any other website owned or operated by Hilton, and any other websites not owned or operated by Hilton that are affiliated with Hilton System Properties." (Agreement ¶ I.F). Again, Strojnik's allegations concern his review of Defendant's booking website, specifically Hilton's reservations website accessed from www.hilton.com. (Doc. 1-3 ¶¶ 29, 30).

Thus, because this lawsuit relates to accessibility information about a Hilton System Property, Strojnik should not have filed the lawsuit. Strojnik expressly agreed that the Agreement "shall constitute a judicial bar to the institution or maintenance of any such claim or action." (Agreement ¶ V.E). Strojnik further agreed not to participate "in any claim, arbitration, suit, action, investigation or other proceeding *of any kind*

which relates to any matter that involves the … Reservations Related Released Claims….." (*Id.*)

Strojnik agreed that "all Hilton System Properties and Hilton Related Entities (the 'Third-Party Beneficiaries') are express third-party beneficiaries of this Agreement, and shall have the right to enforce the related provisions of Paragraphs V.A. *and* V.B. of this Agreement as if they were a party hereto." (*Id.* ¶ V.I) (emphasis added). As set forth above, "Hilton Related Entities" includes "Hilton Worldwide Holdings, Inc." (*Id.* ¶ I.B). Therefore, Defendant is a Third-Party Beneficiary of the Agreement. As Strojnik has initiated a Reservations Related Claim against a Third-Party Beneficiary in violation of Paragraphs V.B. of the Agreement, the Third-Party Beneficiary (in this case, Hilton Worldwide Holdings, Inc.) may seek to dismiss such Reservations Related Claim on the basis that Strojnik is in breach of the Agreement. (*See id.* ¶ V.I).

**D. The Settlement Agreement Shows That Plaintiff Has No Standing to Bring This Lawsuit.**

A covenant not to sue may divest the trial court of subject matter jurisdiction over claims for certain acts depending on what is covered by the covenant and whether it is comprehensive enough to eliminate the controversy between the parties. *See Sunshine Kids Juvenile Prods., LLC v. Ind. Mills & Mfg.*, No. C10-5697BHS, 2011 U.S. Dist. LEXIS 56402, at *5-6 (W.D. Wash. May 24, 2011). When the covenant is unconditional and the covenant completely "extinguishe[s] any current or future case or controversy between the parties, [it divests] the district court of subject matter jurisdiction." *Id.* (quoting *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010)). Given the "trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted." *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007). "To establish standing to pursue injunctive relief under the ADA," a plaintiff must "demonstrate a 'real and immediate threat of repeated injury' in the future." *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572,

9

at 5 (E.D. Cal. Oct. 26, 2016) (citing *Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (9th Cir. 2011)).

Strojnik cannot demonstrate a "real and immediate threat of repeated injury" where the Agreement's covenant not to sue is comprehensive enough to eliminate the controversy between the parties. As set forth above, Strojnik expressly agreed not to sue or file a complaint against Releasees, including Hilton Worldwide Holdings, Inc., in connection with the Reservations Released Claims. (Agreement ¶ V.E). Strojnik agreed that the Agreement "shall constitute a judicial bar to the institution or maintenance of any such claim or action." (*Id.*) Strojnik further agreed not to participate "in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves the … Reservations Related Released Claims…." (*Id.*)

Strojnik further agreed that he would not "reserve a room at any Hilton System Property in order to discover additional non-compliant elements." (*Id.* ¶ V.C.) In other words, he has no genuine intent to return to the Hotel. *See Advocs. for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1221 (D. Ariz. 2016) (factors in assessing the genuineness of an expressed intent to return include, among other things, the definitiveness of plaintiff's plans to return). Therefore, Strojnik cannot claim that he suffered an injury in fact. He, therefore, lacks standing to assert *any* of the claims in the Complaint. *See Strojnik v. Pasadena Robles, LLC*, 801 Fed. App'x 569, 570 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to the defendant's hotel or that he was deterred from visiting defendant's hotel."); *Driftwood, supra.*

**E. Plaintiff's Claims Against Hilton May Be Dismissed with Prejudice.**

Defendant requests that the Court grant its Motion to Dismiss with prejudice. The Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127

(9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Strojnik v. Kapalua Land Co., Ltd.*, 801 Fed. App'x 531 (9th Cir. 2020) (affirming district court decisions to dismiss Strojnik's complaints without leave to amend because amendment would be futile); *Pasadena Robles*, 801 Fed. App'x at 570 (same). The deficiencies in Strojnik's Complaint cannot be cured by amendment; therefore, the Court may grant Defendant's Motion to Dismiss with prejudice. *See Driftwood, supra.*

## VI.   CONCLUSION

For all these reasons, Defendant Hilton Worldwide Holdings, Inc. asks that the Court grant Defendant's Motion to Dismiss with prejudice and without leave to amend. Defendant further requests that the Court award Hilton it's attorneys' fees in having to bring this motion.

DATED January 8, 2021.

**JACKSON LEWIS P.C.**

By:*/s/ Monica M. Ryden*
   Monica M. Ryden
   Attorneys for Defendants

**CERTIFICATION OF COUNSEL**

Counsel for Defendant Hilton Worldwide Holdings, Inc. certifies that the parties have conferred in good faith but were unable to agree that the Complaint is curable by permissible amendments or that the instant motion was otherwise avoidable through agreement by the parties.

By: */s/ Monica M. Ryden*
     Monica M. Ryden
     Attorneys for Defendants

1  **CERTIFICATE OF SERVICE**

2    I hereby certify that on January 8, 2021, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4 Notice of Electronic Filing to the following CM/ECF registrants and by electronic mail

5 if not registered:

6
Peter Strojnik
7 7847 N. Central Avenue.
Phoenix, AZ  85020
8 ps@strojnik.com
Pro se Plaintiff
9

10

11 By: /s/ Amalia Tafoya

12
4842-3157-1414, v. 1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28