**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>   Plaintiff,<br><br>v.<br><br>W2005 New Century Hotel Portfolio LP, et al.,<br><br>   Defendants. | No. CV-20-02289-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is Plaintiff Peter Strojnik's motion to remand Counts 6–8 of his complaint (Doc. 12) and Defendants W2005 New Century Hotel Portfolio LP and Hilton Worldwide Holdings, Inc.'s motions to dismiss (Doc 14; Doc. 15). For reasons that follow, the Court will *sua sponte* remand the entire case to the Maricopa County Superior Court.

**I. BACKGROUND**

  Mr. Strojnik enjoys visiting hotels, but he rarely enjoys the hotels he visits. Nor do they much care for him. Strojnik is an ADA compliance tester; he visits hotels and their websites to ensure they meet the dictates of the Americans with Disabilities Act. (Doc. 1-3 at 11). When Strojnik believes they fall short, he takes legal action, often filing complaints written in general terms that are routinely dismissed for failing to sufficiently allege Article III standing. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021) (collecting cases); *see also id.* at *7 ("The Court will take judicial notice of the fact that Mr. Strojnik has filed thousands

ADA lawsuits across the western United States.").

By so doing, Strojnik fancies himself a civil rights crusader, representing the interests of the disabled against "the last vestige of collectively acceptable discrimination." (Doc. 1-3 at 9). Others see things differently.

A judge of this Court has ruled that Strojnik is a vexatious litigant who "harasses and coerces parties into agreeing to extortive settlements." *Driftwood*, 2021 WL 50456, at *10. Judges in the District Courts for the Northern and Central Districts of California have reached similar conclusions. *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *12–13 (N.D. Cal. June 1, 2020) (granting a motion to declare Strojnik a vexatious litigant and noting that "Strojnik's pleading practices waste the resources of the court and impose unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." (internal quotation and alteration omitted)); *Strojnik v. SCG Am. Constr. Inc.*, No. SACV 19-1560 JVS (JDE), 2020 WL 4258814, at *6–8 (C.D. Cal. Apr. 19, 2020) (granting a motion to declare Strojnik a vexatious litigant and noting that "Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders.").

This particular case involves a visit Strojnik made to a Hampton Inn (the "Hotel") on or about August 13, 2020. (Doc. 1-3 at 23). On October 19, 2020, Strojnik filed an eight-count complaint in the Maricopa County Superior Court alleging: (1) violations of the ADA, (2) negligence, (3) negligent misrepresentation, (4) failure to disclose, (5) common law fraud/consumer fraud, (6) brand deceit, (7) civil conspiracy, and (8) aiding and abetting. (*Id.* at 23–33). Defendants timely removed the case to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the remaining claims. (Doc. 1 at 3).

Having considered the filings, the Court concludes that this case presents more of the same. Strojnik fails to sufficiently allege Article III standing, and a remand to Superior Court is appropriate.

## II. LEGAL STANDARD

Our Constitution provides that "[t]he judicial Power shall extend to all Cases . . . [and] Controversies." U.S. Const. art. III, § 2, cl. 1. "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

The doctrine of standing requires a party to "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

As relevant here, "an ADA plaintiff can establish standing to sue for injunctive relief . . . by demonstrating deterrence."[1] *Chapman*, 631 F.3d at 944. Under this "deterrent effect doctrine," "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098–99 (9th Cir. 2017); *Chapman*, 631 F.3d at 949–50; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008). But the mere existence of an ADA violation does not give any disabled person standing to sue; a plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him *due to his particular disability*." *Chapman*, 631 F.3d at 953 (emphasis added).

---

[1] An ADA plaintiff may also establish standing by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Strojnik, however, does not allege that he suffered an injury-in-fact, so the Court focuses its analysis on the deterrent effect doctrine.

## III. DISCUSSION

### a. Physical Barriers

Strojnik's complaint alleges that several physical features of the Hotel violate the ADA's requirements. The complaint also lists Strojnik's various disabilities and alleges that he is "deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA compliant as such compliance relates to [his] disability." (Doc. 1-3 at 11). But Strojnik does not make any effort to actually relate his conclusory assertion of deterrence to his particular disabilities. *See Chapman*, 631 F.3d at 953.

As noted in other cases from this Court, Strojnik's *modus operandi* is "to use the same boilerplate arguments used in his previous filings [and] insert[] new photos of alleged non-compliance . . . ." *See Strojnik v. B&L Motels Inc.*, No. CV-20-08306-PHX-SPL, 2020 WL 7350897, at *2 (D. Ariz. Dec. 15, 2020); *Strojnik v. Lonesome Valley Hosp. LLC*, No. CV-20-08276-PHX-SPL, 2020 WL 7041347, at *2 (D. Ariz. Dec. 1, 2020). In this case, the complaint includes photos of a loading zone, parking spaces, a door, and counters. (Doc. 1-3 at 20–23). Most of these photos are captioned with vague and conclusory language. The loading zone is labeled as "[i]mproperly marked," the parking spaces are labeled as "visually too steep," and the counters are labeled simply as "[i]naccessible." (Doc. 1-3 at 20–23). The captions to the photos of the lobby bathroom door state that the door takes longer than three seconds to close and uses hardware that requires a wrist-twisting action. (Doc. 1-3 at 21–22).

Rather than providing any concrete and meaningful statements relating the photos and captions to his disabilities, however, Strojnik cites *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and alleges that he is "deterred from booking a room" because the alleged violations relate to his disabilities through the "application and use of common sense." (Doc. 1-3 at 23). But *Iqbal*'s statement that a court may "draw on its judicial experience and common sense" when considering the sufficiency of a complaint does not impose a duty on this Court to surmise which of the combinations of Strojnik's alleged medical conditions and resulting infirmities relate to descriptions he uses to caption his photos. *See*

1  *id.* It is Strojnik's responsibility to "connect the metaphorical dots of injury-in-fact," and
2  he has failed to do so. *See Strojnik v. HPTRI Corp.*, No. CV-20-01868-PHX-SPL, 2020
3  WL 6827765, at *2 (D. Ariz. Nov. 20, 2020).

4  The Court acknowledges that the Ninth Circuit has recently reiterated that the
5  standard for alleging standing under the ADA is not particularly demanding. *See Whitaker*
6  *v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021). But it demands more than what
7  Strojnik alleged here.

8  *Whitaker* involved a plaintiff who was "a quadriplegic who use[d] a wheelchair for
9  mobility." *Id.* at 1074. The Court noted that "Whitaker's complaint allege[d] that he use[d]
10 a wheelchair for mobility, that he visited the defendant's premises, that he personally
11 encountered a barrier related to his disability—inaccessible service counters—and that the
12 barrier deters him from returning." *Id.* at 1079. The Court held that "[t]hese allegations are
13 sufficient to establish injury-in-fact for purposes of standing." *Id.*

14 In so holding, the Ninth Circuit distinguished *Chapman*, where the plaintiff
15 "attached an accessibility survey to his complaint that identified multiple ADA barriers
16 that he claimed 'denied him access to the [s]tore [at issue], *or* which he [sought] to remove
17 on behalf of others under related state statutes.'" *Id.* (quoting *Chapman*, 631 F.3d at 954).
18 The *Whitaker* Court noted that the plaintiff in *Chapman* did not sufficiently allege standing
19 because the "survey did not connect the barriers to Chapman's disability or indicate which
20 barrier or barriers he had personally encountered." *Id.*

21 The Court finds this case more analogous to *Chapman* than *Whitaker*. Strojnik's
22 complaint alleges that his various disabilities "affect" certain body systems and "limit"
23 major life activities without describing what those effects or limitations are. (Doc. 1-3 at
24 12). He similarly alleges that he requires the use of a wheelchair when his impairments are
25 in an "unmitigated, active state," but does not indicate the frequency with which this occurs
26 or whether he required a wheelchair on the day he visited the Hotel. (*Id.* at 14). Absent any
27 meaningful relation between the alleged ADA violations and his disabilities, Strojnik's
28 complaint is no more than a slightly-dressed-up survey of Defendants' alleged ADA

violations. Accordingly, Strojnik has failed to allege Article III standing as it relates to the physical barriers at the Hotel.

### b. The Website

Turning next to Defendants' website, Strojnik's complaint includes a table from the website describing the available and unavailable accommodations at the Hotel. (Doc. 1-3 at 18–19). Strojnik alleges that the website "fail[s] to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit [him] to assess independently whether Defendant's Hotel or guest room meet [his] accessibility needs." (*Id.* at 18). But this allegation "merely parrots the cited regulation and does not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the website[]." *See Strojnik v. R.F. Weichert V, Inc.*, No. 20-CV-00354-VKD, 2021 WL 242912, at *4 (N.D. Cal. Jan. 25, 2021) (collecting cases in which "[s]imilarly vague and conclusory allegations have been found insufficient to support Mr. Strojnik's standing"). Accordingly, Strojnik has failed to allege Article III standing as it relates to the website.

### c. Remand

Having concluded that the Court does not have jurisdiction over Strojnik's ADA claim, the Court will remand the case to the Maricopa County Superior Court. Strojnik lacks standing to proceed in this Court, and this Court consequently has no authority to retain jurisdiction over his state law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). Further, the Court finds that granting Strojnik leave to amend the complaint would be futile. *See B&L Motels Inc.*, 2020 WL 7350897, at *4 n.2 ("Given Strojnik's failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so, the Court can only conclude that amendment would be futile.").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Clerk of Court shall remand this case to the Maricopa County Superior Court and terminate the case.

**IT IS FURTHER ORDERED** that Strojnik's motion to remand (Doc. 12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that upon remand, Defendants' motions to dismiss (Doc. 14 and Doc. 15) shall remain pending before the Superior Court.

Dated this 25th day of February, 2021.

*James A. Teilborg*
Senior United States District Judge